1  Joseph H. Harrington
   Acting United States Attorney
2  Eastern District of Washington
   Alison L. Gregoire
3  Assistant United States Attorney
4  Post Office Box 1494
5  Spokane, WA 99210-1494
   Telephone:  (509) 353-2767
6

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR - 1 2021

SEAN F. McAVOY, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

7

8                  UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF WASHINGTON

10  UNITED STATES OF AMERICA,

11                      Plaintiff,          4:20-CR-06009-SMJ-1

12            v.                            Plea Agreement
13

14  JUAN CARLOS SANDOVAL-
15  GUERRERO,

16                      Defendant.

17

18       Plaintiff, United States of America, by and through Joseph H. Harrington,

19  Acting United States Attorney for the Eastern District of Washington, and Alison

20  L. Gregoire Assistant United States Attorney for the Eastern District of

21  Washington, and Defendant JUAN CARLOS SANDOVAL-GUERRERO and the

22  Defendant's counsel, Jeremy Sporn, agree to the following Plea Agreement:

23       1.   Guilty Plea and Maximum Statutory Penalties:

24       The Defendant, JUAN CARLOS SANDOVAL-GUERRERO, agrees to

25  plead guilty to Count 1 of the Indictment in this case charging the Defendant with

26  Production of Child Pornography, and Attempt, in violation of 18 U.S.C. §

27  2251(a), (e).

28

                                    1
Plea Agreement

The Defendant understands that the charge of Production of Child Pornography, and Attempt in violation of 18 U.S.C. § 2251(a), (e), carries a maximum penalty of not less than fifteen years nor more than thirty years imprisonment, a fine not to exceed $250,000; a term of supervised release of not less than 5 years up to life; a $100 special penalty assessment; and a $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act of 2015, unless the Court finds the Defendant to be indigent.  Pursuant to the Amy, Vicky and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A, upon conviction, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess an additional special penalty assessment of no more than $50,000

The Defendant, JUAN CARLOS SANDOVAL-GUERRERO, understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

    2.    <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter.

2

Plea Agreement

The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

3.    Waiver of Constitutional Rights:

The Defendant, JUAN CARLOS SANDOVAL-GUERRERO, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a).    The right to a jury trial;

(b).    The right to see, hear and question the witnesses;

(c).    The right to remain silent at trial;

(d).    The right to testify at trial; and

(e).    The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4.    Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e), the United States would have to prove beyond a reasonable doubt the following elements:

First: that the Defendant intended to engage a minor in sexually explicit conduct for the purpose of making a visual depiction of that conduct; and;

Second: that the Defendant engaged in a purposeful act that, in the Eastern

District of Washington, under the circumstances as he believed them to be, amounted to a substantial step towards the commission of the crime and strongly corroborated his criminal intent.

The elements of the underlying offense of production of child pornography are as follows:

<u>First</u>: the Defendant employed, used, persuaded, induced, enticed, or coerced a minor to take part in sexually explicit conduct, in the Eastern District of Washington, for the purpose of producing a visual depiction of such conduct;

<u>Second</u>: at the time of the offense the minor was under the age of eighteen;

<u>Third</u>: (a) The Defendant knew or had reason to know that such visual depiction would be transported using any means or facility of interstate or foreign commerce; or

(b) The Defendant knew or had reason to know that such visual depiction would be transported in or affecting interstate or foreign commerce; or

(c) Such visual depiction was produced using materials that have been mailed or shipped or transported in and affecting interstate or foreign commerce by any means, including by computer; or

(d) Such visual depiction was actually transported using any means and facility of interstate and foreign commerce; or

(e) Such visual depiction was actually transported in and affecting interstate and foreign commerce.

5.    <u>Factual Basis and Statement of Facts</u>:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for

4

Plea Agreement

1  Defendant JUAN CARLOS SANDOVAL-GUERRERO's guilty plea. This
2  statement of facts does not preclude either party from presenting and arguing, for
3  sentencing purposes, additional facts which are relevant to the guideline
4  computation or sentencing, unless otherwise prohibited in this agreement.

5      The investigation into Juan Carlos Sandoval-Guerrero commenced upon a
6  complaint from a mother in Benton County, referred to herein as Victim Mother.
7  She called to express concern regarding interactions her children, Victim B (age 9
8  at the time of the incident) and Victim C (age 11 at the time of the incident), had
9  with a person she believed to be an adult over Xbox.

10     TFO Runge, Homeland Security Investigations, interviewed Victim Mother
11 who explained, on November 1, 2019, she had come home and noticed that there
12 were missed calls from a "Juan" on her son's (Victim C's) phone.  When her
13 children got home from school she asked the boys who Juan was, and Victim B
14 responded by saying that he was their friend from Xbox. Later when "Juan" called
15 again, Victim Mother answered the phone and put it on speaker; an adult male
16 (now known to be Defendant) was speaking.  Victim Mother asked the adult male
17 if he was Juan and the adult male said that Juan was his son.  Victim Mother asked
18 the adult male how old he was, and he said that he was 32.  Victim Mother said
19 that Victim B was near and confirmed that the adult male that was speaking on the
20 phone call was the person he knew to be Juan.  Victim Mother said that she spoke
21 to both Victim C and Victim B about "Juan" and received information the boys
22 had sent pictures to "Juan."

23

24     TFO Runge reviewed Victim B's phone and located nude or partially nude
25 photographs and video of Victim B.  Specifically, the images portrayed Victim B
26 displaying his penis, masturbating his penis with his hand and penetrating his anus
27 with his finger.  In some videos, Victim B can be seen wearing a wireless headset
28

5

Plea Agreement

of the type that are typically associated with video game systems like Xbox. During one of the videos Victim B can be heard talking about the points he got on a game while he is masturbating his penis. The photographs and video had associated dates between October 09, 2019 and October 25, 2019.

Victim B and Victim C were forensically interviewed. TFO Runge was present for the interviews. Victim C stated that he and Victim B shared one account on Xbox and that they took turns talking to "Juan" over the head set. Victim C also admitted to talking to "Juan" on his phone via an application called, "TextNow." Victim C said that at first their conversations were about the game but that they later turned to "pictures and stuff."

Victim B stated he began sending "Juan" nude photos at Juan's request. Juan would offer to buy Victim B in-game purchases on Fortnite (an Xbox game played online). Victim B said that "Juan" asked to video chat with Victim B and Victim B did. During the video chats, Victim B stated that Victim B was asked to masturbate by "Juan". Victim B would go into the bathroom, after his brother Victim C was asleep, and masturbate on camera, as requested.

Juan Carlos Sandoval-Guerrero was found to be residing at a specific address in Grandview, WA. On February 6, 2020, TFO Runge obtained a search warrant for that residence, which was executed the same day.

During the search, many electronic devices were seized. The seized items included two smart phones that were later determined to be Defendant's older phone and his new phone, which he had purchased about one month prior to the search warrant.

During the search, Defendant was located. He was subsequently transported to Grandview Police Department for interview. During the interview, which TFO Runge was present for, having waived his *Miranda* rights, Defendant confessed to

Plea Agreement

contacting Victim B through the video game Fortnite.  Defendant admitted that he requested and directed Victim B to produce a number of images and videos that he would use to masturbate.

Defendant initially stated that he deleted all images but later admitted that he stored them under his Snapchat Account he had initially maintained on an old phone but later transferred to his new phone.  Defendant indicated he maintained the photos under the password protected "For Your Eyes Only" section.  Defendant voluntarily opened the "For Your Eyes Only" section on the phone and photographs and video of Victim B could be clearly seen.

6. <u>The United States Agrees:</u>

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of the Defendant's conduct involving illegal activity charged in the Indictment in this case, unless the Defendant breaches this Plea Agreement any time before or after sentencing. The United States also agrees to dismiss the remaining counts of the Indictment, specifically, Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251 (Count 2).

7. <u>Effect on Immigration Status:</u>

The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, following conviction, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that while deportation and/or removal appears to be a virtual certainty, no one,

7

including his attorney or the Court, can predict with absolute certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty.

8.   United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

(a.)   Base Offense Levels:

The United States and the Defendant agree that the base offense level for Attempted Production of Child Pornography is 32. See U.S.S.G. §2G2.1(a), (e).

(b.)   Specific Offense Characteristics:

As it pertains to the Attempted Production of Child Pornography Offense, the Defendant understands the United States intends to argue his base offense level should be increased by the following specific offense characteristics, though the Defendant reserves the right to argue against all specific offense characteristics:

The United States intends to argue that the base offense is increased by an additional four (4) levels because the offense involved a minor who had not attained the age of twelve years. See U.S.S.G. §2G2.1(a);

The United States intends to argue that the base offense is increased by an additional two (2) levels because the offense involved commission of a sexual act. See U.S.S.G. §2G2.1(b)(2)(A);

The United States intends to argue that the base offense is increased by an additional two (2) levels because the offense involved distribution to the Defendant. See U.S.S.G. §2G2.1(b)(3);

Plea Agreement

8

The United States intends to argue that the base offense is increased by an additional two (2) levels because the offense involved use of a computer service. *See* U.S.S.G. §2G2.1(b)(6).

(c).    Criminal Livelihood

As it pertains to criminal livelihood under Chapter 4B, the parties agree and stipulate the base offense is increased by an additional five (5) levels because the Defendant engaged in a pattern of activity involving prohibited sexual conduct. *See* U.S.S.G. §4B1.5(b).

(d.)    Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and accepts this Plea Agreement; the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

(e.)    Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made

9

Plea Agreement

no agreement and make no representations as to the criminal history category, which shall be determined after the Pre-Sentence Investigative Report is completed.

9.    Imprisonment:

The United States and the Defendant agree to recommend Defendant be sentenced to 15 years of imprisonment.

10.    Criminal Fines:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate. Neither party may withdraw from the Plea Agreement based on the ultimate fine imposed.

11.    Supervised Release:

The United States and the Defendant have no agreement regarding the appropriate term of supervised release. The Defendant understands the United States intends to argue for a lifetime term of supervised release.

12.    Restitution:

The United States and the Defendant agree that restitution is required. *See* 18 U.S.C. §§ 2259, 3663A, and 3664. The United States and the Defendant hereby stipulate and agree that pursuant to 18 U.S.C. § 2259(b)(2), the Court shall order restitution for the full amount of the victims' losses in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000 per victim.

For purposes of 18 U.S.C. § 2259, "victim," means the individual harmed as a result of a commission of the crime, including, in the case of a victim who is under 18 years of age, the legal guardian of the victim. The United States and the Defendant also hereby stipulate and agree that the Court shall order full restitution,

Plea Agreement

1  as appropriate, to any entity, organization, insurance company, individual(s),

2  and/or medical provider who provided medical services and/or funds related to the

3  treatment of the victims.

4       The Defendant understands and agrees that the Court, in addition to any

5  other penalty, shall order the Defendant to make restitution to any victim of the

6  offense(s), pursuant to 18 U.S.C. § 3663, and the Court may order the Defendant to

7  make restitution to any victim of the offense(s), pursuant to 18 U.S.C. §

8  3663(a)(3), including restitution as to all victims detailed in the discovery received

9  through the date of the instant agreement, whether or not the Defendant enters a

10 plea of guilty to such counts, and whether or not such counts are foregone pursuant

11 to this agreement. With respect to any such victims, the court shall order restitution

12 in an amount that reflects the defendant's relative role in the causal process that

13 underlies the victim's losses, but which is no less than $3,000.

14      With respect to restitution, the United States and the Defendant agree to the

15 following:

16      a.  Restitution Amount and Interest

17      The United States and the Defendant hereby stipulate and agree that,

18 pursuant to 18 U.S.C. §§ 2259, 3663, 3663A and 3664, the Court should order

19 restitution in an amount to be determined at or before sentencing, but which is not

20 less than $3,000 per victim.  The United States and the Defendant agree that

21 interest on this restitution amount, if any, should be waived.

22

23      b.  Payments

24      To the extent that the Court orders restitution, the United States and the

25 Defendant agree that the Court will set a restitution payment schedule based on his

26 financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A).  Regardless, the

27 Defendant agrees to pay not less than 10% of his net monthly income towards his

28

Plea Agreement

1  restitution obligation.

2       c.  <u>Treasury Offset Program and Collection</u>

3       The Defendant understands the Treasury Offset Program ("TOP") collects

4  delinquent debts owed to federal agencies.  If applicable, the TOP may take part or

5  all of the Defendant's federal tax refund, federal retirement benefits, or other

6  federal benefits and apply these monies to the Defendant's restitution obligations.

7  *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

8       The Defendant also understands the United States may, notwithstanding the

9  Court-imposed payment schedule, pursue other avenues to ensure the restitution

10  obligation is satisfied, including, but not limited to, garnishment of available funds,

11  wages, or assets.  *See* 18 U.S.C. §§ 3572, 3613, and 3664(m).  Nothing in this

12  acknowledgment shall be construed to limit the Defendant's ability to assert any

13  specifically identified exemptions as provided by law, except as set forth in this

14  Plea Agreement.

15       Until a fine or restitution order is paid in full, the Defendant agrees fully to

16  disclose all assets in which he has any interest or over which he exercises control,

17  directly or indirectly, including those held by a spouse, parent, nominee, or third

18  party.  Until such time as the fine or restitution order is paid in full, the Defendant

19  agrees to provide waivers, consents or releases requested by the U.S. Attorney's

20  Office to access records to verify the financial information.

21       d.  <u>Notifications and Waivers</u>

22       The Defendant agrees to notify the Court and the United States of any

23  material change in his economic circumstances (e.g., inheritances, monetary gifts,

24  changed employment, or income increases) that might affect his ability to pay

25  restitution.  *See* 18 U.S.C. § 3664(k).  This obligation ceases when the restitution is

26  paid-in-full.

27

28

12

Plea Agreement

1    The Defendant agrees to notify the United States of any address change

2    within 30 days of that change. *See* 18 U.S.C. § 3612(b)(1)(F). This obligation

3    ceases when the restitution is paid-in-full.

4    The Defendant acknowledges that the Court's decision regarding restitution

5    is final and non-appealable. Neither party may withdraw from the Plea Agreement

6    based on the ultimate amount or restitution ordered.

7    13.   Mandatory Special Penalty Assessments:

8    The Defendant agrees to pay the $100 mandatory special penalty assessment

9    to the Clerk of Court for the Eastern District of Washington, at or before

10   sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk

11   to the United States before sentencing as proof of this payment.

12   Pursuant to the Justice for Victims of Trafficking Act of 2015, upon

13   conviction, unless the Sentencing Court finds the defendant to be indigent, an

14   additional mandatory special assessment of $5,000 must also be imposed.

15   The United States further reserves its right to request an additional special

16   penalty assessment of no more than $50,000 pursuant to the Amy, Vicky and Andy

17   Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A in addition

18   to any other criminal penalty, restitution, or special assessment authorized by law

19   the court shall assess.

20

21   Neither party may withdraw from the Plea Agreement based on the ultimate

22   special penalty assessment(s) imposed.

23   14.   Payments While Incarcerated:

24   If the Defendant lacks the financial resources to pay the monetary

25   obligations imposed by the Court, the Defendant agrees to earn the money to pay

26   toward these obligations by participating in the Bureau of Prisons' Inmate

27   Financial Responsibility Program.

28

Plea Agreement

15.    <u>Forfeiture:</u>

The Defendant, JUAN CARLOS SANDOVAL-GUERRERO, agrees to voluntarily forfeit and relinquish all right, title and interest in all assets listed herein to the United States, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, including, but not limited to the following:

- an Iphone 11 with clear case;

- a black cell phone with unicorn breeze case;

- a white X-box, serial number: 054970372916;

- a black X-box, serial number: 002422191317; and,

- a white X-box, serial number: 109759463248.

The Defendant stipulates that he is the sole owner of the assets identified in this Plea Agreement and that no one else has an interest in the assets.

The Defendant acknowledges that the assets listed above that the Defendant is agreeing to forfeit are subject to forfeiture pursuant to 18 U.S.C. § 2253(a) and (b), as property used or intended to be used in any manner or part to commit or to facilitate the commission of Attempted Production of Child Pornography as charged in Count 1 of the Indictment, in violation of 18 U.S.C. § 2251, to which Defendant is pleading guilty.  The Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States, and to testify truthfully in any forfeiture proceeding.

The Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this agreement.

Plea Agreement

The Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

The Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s).  Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

16.    Additional Violations of Law Can Void Plea Agreement:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

17.    Appeal Rights:

The Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. The Defendant hereby expressly waives his right to appeal his conviction, any sentence the Court imposes, any special penalty assessments, and any order of supervised release with the exception that the Defendant may appeal only:  1) the procedural and substantive reasonableness of any sentence of incarceration in excess of 22 years (264 months) imprisonment; and, 2) the procedural and substantive reasonableness of any restitution order in excess of $70,000.   The Defendant further expressly

15

1    waives his right to file any post-conviction motion attacking his conviction and

2    sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon

3    ineffective assistance of counsel based on information not now known by the

4    Defendant and which, in the exercise of due diligence, could not be known by the

5    Defendant by the time the Court imposes the sentence.

6         18.    Notice of Sex Offender Registration:

7         The Defendant has been advised and understands, that as a convicted sex

8    offender, under the Sex Offender Registration and Notification Act, a federal law,

9    the Defendant must register and keep the registration current in each of the

10   following jurisdictions: the location of the Defendant's residence, the location of

11   the Defendant's employment; and, if the Defendant is a student, the location of the

12   Defendant's school. Registration will require that the Defendant provide

13   information that includes name, residence address, and the names and addresses of

14   any places at which the Defendant is or will be an employee or a student. The

15   Defendant understands that he must update his registrations not later than three

16   business days after any change of name, residence, employment, or student status.

17   The Defendant understands that failure to comply with these obligations subjects

18   the Defendant to prosecution for failure to register under federal law, 18 U.S.C. §

19   2250, which is punishable by a fine or imprisonment, or both.

20

21        19.    Waiver of Physical Presence:

22        The Defendant, JUAN CARLOS SANDOVAL-GUERRERO, by and

23   through this Plea Agreement and pursuant to the CARES Act § 15002(b)(2), Pub.

24   L. No. 116-136 (H.R. 748) (eff. March 27, 2020), and General Order No. 20-101-3

25   (E.D. Wash. Mar. 30, 2020), expressly waives his right to be physically present,

26   see Fed. R. Crim. P. 43(a), and consents to appear by video-teleconferencing for

27   the Defendant's change of plea in the above-captioned case.

28

16

Plea Agreement

20.    <u>Integration Clause:</u>

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

Approvals and Signatures

The parties acknowledge and agree that this Plea Agreement may be executed by electronic signature, which shall be considered as an original signature for all purposes and shall have the same force and effect as an original signature.

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
Acting United States Attorney

_____        16 March 2021
Alison L. Gregoire                              _____
Assistant U.S. Attorney                       Date

I have had this Plea Agreement read to me and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have

17

Plea Agreement

been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

/s Juan Sandoval-Guerrero by JBS with consent     March 30, 2021

JUAN CARLOS SANDOVAL-GUERRERO     Date

Defendant

     I have read this Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

/s Jeremy B. Sporn       March 30, 2021

Jeremy Sporn       Date

Attorney for the Defendant

18

Plea Agreement